IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**LAURA O.,**[1]

Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

Defendant.

**Civ. No. 3:18-cv-00528-MC**

**OPINION AND ORDER**

---

**MCSHANE, Judge**:

Plaintiff Laura O. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") and Social Security Disability Insurance ("SSDI") benefits under Title II of the Social Security Act. The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (1) finding that Plaintiff failed to overcome the continued presumption of non-disability under *Chavez v. Brown*, 844 F.2d 691 (9th Cir. 1988); (2) the ALJ failed to consider evidence submitted after the hearing; (3) the ALJ's decision was unsupported by substantial evidence; and (4) the ALJ erred in determining that Plaintiff's borderline personality disorder did not meet Listing 12.08. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

## PROCEDURAL BACKGROUND

Plaintiff's was found not to be disabled in 2013. Tr. 106–26.[2] Plaintiff then reapplied for SSI benefits in August 2014. Tr. 219. The ALJ held a hearing in June 2016 and issued a decision finding Plaintiff not disabled in January 2017. Tr. 57. The Administrative Council denied Plaintiff's request for review, making the ALJ decision final. Tr. 1.

## STANDARD OF REVIEW

A reviewing court will affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the administrative record as a whole, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920 (2012). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies his burden with respect the first four steps, the burden shifts to the Commissioner at step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's RFC, age, education, and work experience. *Id.* If the Commissioner fails to meet

[2] "Tr" refers to the Transcript of the Social Security Administrative Record provided by the Commissioner.

this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner finds that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

At step two, the ALJ found that Plaintiff had the following severe impairments: depression and bipolar disorder (or both); post-traumatic stress disorder; obsessive compulsive disorder; psychological problems manifesting in physical symptoms and borderline personality disorder; unspecified feeding or eating disorder Tr. 63. The ALJ assessed Plaintiff with the following RFC:

> The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant has no limitations in her ability to sit, stand, walk, lift or carry. The claimant would be limited to only incidental contact with the general public defined as brief interactions with no in-depth discussions such as negotiation or mediation type tasks; also only incidental contact with co-workers. The claimant should not work in an environment that requires teamwork. The claimant is limited to simple, repetitive task work, consistent with occupations of an SVP 1 or 2, but not work that is complex or detailed.

Tr. 65. Based on the vocational expert's ("VE") testimony, the ALJ concluded Plaintiff could not perform past relevant work but could perform jobs that exist in significant numbers in the national economy. Tr. 69–70. The ALJ determined Plaintiff was not disabled. Tr. 70–71.

**I. Presumption of Continuing Non-Disability**

Plaintiff first argues that the ALJ erred by failing to find that Plaintiff had rebutted the presumption of continuing non-disability. Pl.'s Op. Br. 5., ECF No. 24. In the social security context, a claimant can "overcome the presumption of continuing non-disability" from the first claim only by showing "changed circumstance" in the second claim. *Chavez*, 844 F.2d at 693 (quoting *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985)). A claimant may show "changed circumstances" by showing a greater disability than present in the first claim. *Id.*

While the ALJ added another severe impairment of "unspecified feeding or eating disorder," the ALJ still found that Plaintiff had still not rebutted the presumption of continuing disability. Tr. 63, 65 From Plaintiff's perspective, this added impairment shows a changed circumstance that should have rebutted the presumption of continuing disability. Pl.'s Op. Br. 6.

Even if the Court assumes that the ALJ erred, any error was ultimately harmless. The ALJ's decision discussed all new evidence presented since Plaintiff's prior denial. *See, e.g.*, tr. 60–71. While the ALJ adopted the "findings from the prior decision," this statement does not negate the ALJ's own analysis. Tr. 65. As a result, even if the ALJ should have found a changed circumstance because of the added severe impairment, the ALJ still independently weighed Plaintiff's medical evidence when formulating the RFC. Any error was rendered harmless. *Cha Yang v. Comm'r of Social Sec. Admin.*, 488 F. App'x 203, 204 (9th Cir. 2012) (citing *Batson*, 359 F.3d at 1197) (finding harmless error even though the ALJ incorrectly found that the claimant had not shown changed circumstances).

Plaintiff also argues that the ALJ erred by failing to consider whether Plaintiff met Listing 12.13. Pl.'s Op. Br. 6–7. However, Listing 12.13 became effective four days after the ALJ's decision, but before the Appeals Council denial of a request for review. *See* 81 Fed. Reg. 66138 (Sept. 26, 2016). Because the ALJ's decision occurred before Listing 12.13 went into effect, the ALJ had no duty to evaluate Plaintiff's impairments under Listing 12.13. 81 Fed. Reg. 66138 n.1 ("Federal courts . . . review [the] final decisions [of the Commissioner] using the rules that were in effect [at the time of decision]."). While Plaintiff contends that the Appeals Council needed to consider this new listing, the Court lacks jurisdiction to determine whether the Appeals Council erred in denying Plaintiff's request for review. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) ("We have held that we do not have jurisdiction to review a

decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action.").

For these reasons, the ALJ did not err in determining that Plaintiff had failed to rebut the presumption of continuing disability.

**II. Evidence Submitted After Hearing**

Plaintiff next argues that the ALJ erred in failing to include and address medical records submitted after the administrative hearing. Pl.'s Op. Br. 7–8. Plaintiff specifically points to a psychological evaluation by Dr. Julia Wong-Ngan, a psychological review from Dr. Luahna Ude, and a psychiatric medical report by Dr. Allen Peck. *Id.* at 7. Dr. Peck's medical report, dated October 7, 2011, included an extensive history of Plaintiff's childhood and discussion of abuse she had suffered. Tr. 982–993. Dr. Ude's psychological review, dated October 13, 2011, included the opinion that "[Plaintiff] would be unlikely to be able to sustain employment in a normal setting where she has to interact with one or more coworkers." Tr. 999. Dr. Wong-Ngan's evaluation, dated August 24, 2011, included a diagnosis of borderline personality order and the opinion that "At best, [Plaintiff] might be successful in jobs where she works independently. She has the intelligence and cognitive capability to perform many jobs, *but not the social adaptability*." Tr. 1008 (emphasis added).

Plaintiff argues that the ALJ omitted these reports and failed to attach them to the hearing decision, which in combination constituted legal error. Pl.'s Op. Br. 8. The Commissioner counters that the ALJ clearly considered this information, and that these evaluations were considered in the previous disability determination. Def.'s Br. 5, ECF No. 25.

An ALJ is "not required to discuss every piece of evidence." *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). The only evidence that requires ALJ comment is "significant probative

evidence." *Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)). Here, even if the Court is to assume that the ALJ ignored the evidence despite its statement to the contrary, the three evaluations are not significant probative evidence. For example, Dr. Ude and Dr. Wong-Ngan's evaluations mirrored the ALJ's RFC formulation. *Compare* tr. 65 ("The claimant should not work in an environment that requires teamwork."), *with* tr. 999 ("[Plaintiff] would be unlikely to be able to sustain employment in a normal setting where she has to interact with one or more coworkers."), *and* tr. 1008 ("[Plaintiff] might be successful in jobs where she works independently.").

Similarly, while Dr. Peck's report included an in-depth review of Plaintiff's background, the information is not probative enough to warrant reversal of the ALJ's decision. The ALJ noted that "the record shows the claimant has a history of past psychiatric hospitalization for treatment of PTSD, mood disorder, and borderline personality disorder." Tr. 67. While Plaintiff argues that the ALJ needed to address Dr. Peck's report, the ALJ still reviewed Plaintiff's history when assessing whether she was disabled. *See* tr. 66–69. Ultimately, even if the Court assumes that the ALJ erred by failing to address Dr. Peck's report, it would still be a harmless error because it is inconsequential to the non-disability decision. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

Because the evidence submitted after the hearing was not significantly probative, the ALJ did not commit legal error.

**III. Evidence Submitted to Appeals Council**

Plaintiff next argues that she submitted evidence to the Appeals Council that undermined the ALJ's decision. Pl.'s Op. Br. 9–10. The submitted evidence consisted of two letters from different treating providers and records from Multnomah County. *See* tr. 19–56. Plaintiff asserts

that Appeals Council erred by concluding that "this evidence does not show a reasonable probability that it would change the outcome of the decision." Pl.'s Op. Br. 9 (citing tr. 2).

"When the Appeals Council considers new evidence in deciding whether to review decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes*, 682 F.3d at 1163. But the Court may only remand based on the new evidence if it is material; meaning the new evidence presents a "reasonable probability" that it would change the ALJ's decision. *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (citation omitted).

The Court agrees with the Appeals Council that the new evidence does not show a reasonable probability that it would alter the ALJ's original determination. For example, Plaintiff cites two letters from her former treating providers as proof that she was uncooperative and disruptive. Pl.'s Op. Br. 9. However, neither letter discusses Plaintiff's behavior. Instead, they serve to inform Plaintiff that each respective provider was withdrawing their services. *See* tr. 19, 56. As for the evidence from Multnomah County, this consisted of multiple hospital records dating primarily from 2015.[3] *See* tr. 21–54. These records reflect that Plaintiff sometimes had conflicts with peers and authority. Tr. 21–25, 30. At the same time, they also reflect that when Plaintiff was taking medication, her mental health appeared normal. Tr. 39–42.

In *Brewes*, the district court had refused to consider evidence submitted to the Appeals Council that directly contradicted testimony from the VE in that case. 682 F.3d at 1163. The plaintiff in *Brewes* provided the Appeals Council with evidence from her medical providers that she would miss multiple days of work per month, a fact that the VE conceded would make her unemployable. *Id.* As the Ninth Circuit explained, the district court erred because not only did it

[3] While the Court considered this evidence independently to assess whether the Appeals Council erred, some of these records are duplicates of evidence considered by the ALJ. *Compare* tr. 21–36 *with* tr. 316–34.

fail to examine the newly submitted evidence, but that this new evidence altered the entire record so that the district court's decision was no longer "supported by substantial evidence." *Id.*

While Plaintiff argues that the evidence submitted to the Appeals Council would change the ALJ's decision, the Court disagrees. Instead, "the supplemental evidence is merely cumulative of other evidence in the record" and "nothing in the supplemental evidence reflects limitations greater than those found by the ALJ." *Underwood v. Colvin*, No. 6:14-cv-00934-AA, 2015 WL 5521991, at *5 (D. Or. Sept. 10, 2015). Because the new evidence fails to show a "reasonable possibility" that the ALJ's decision would change, the Court finds that the Appeals Council did not err. *Bruton*, 268 F.3d at 827.

**IV. Listing 12.08**

Plaintiff's final argument is that the ALJ erred in finding that Plaintiff's personality disorder failed to meet Listing 12.08. Pl.'s Op. Br. 10–12. An ALJ determines whether a claimant's impairments equal a listing. 20 C.F.R. § 416.926. If a claimant meets the "strict standards" established by a listing, it "automatically end[s] the five-step inquiry, before [RFC] is even considered." *Kennedy*, 738 F.3d at 1174. Further, a claimant's impairment must satisfy all the components of the listing. *Id.* "To meet both the current and prior versions of Listing 12.08, a claimant must meet at least one of several paragraph A criteria and have, *inter alia*, a marked level of limitation in at least two of four areas of functioning described in paragraph B." *Knox v. Berryhill*, No. 2:17-cv-00193-GZS, 2018 WL 1907954, at *4 (D. Me. Apr. 21, 2018) (citations omitted). The paragraph B criteria are activities of daily living, social functioning, concentration, persistence, or pace, and episodes of decompensation. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.08.

Here, the ALJ made specific findings regarding the four functional areas listed in paragraph B. Tr. 64–65. The ALJ first found that Plaintiff had mild restrictions with respect to activities of

daily living; noting that Plaintiff could complete household chores and properly present herself at medical appointments. Tr. 64 (citing tr. 256–63, 287–90). The ALJ next found that Plaintiff had moderate difficulties with respect to social functioning. Tr. 64. The ALJ noted that Plaintiff could shop on her own and ride the bus, but that she also rarely engaged in social activities and that other passengers on the bus irritated her. Tr. 64 (citing tr. 256–63, 287–90). With respect to concentration, persistence, or pace, the ALJ found that Plaintiff had moderate difficulties because clinical testing revealed that Plaintiff could focus "long enough to permit the timely and appropriate completion of tasks commonly found in work settings." Tr. 64 (citing tr. 130–41, 256–63, 287–90, 143–55). Finally, the ALJ acknowledged that Plaintiff had experienced episodes of decompensation for an extended duration. Tr. 65. Based on this assessment, the ALJ concluded that Plaintiff did not meet Listing 12.08.

To begin, the parties disagree about whether the Court should analyze Plaintiff's claim under the new Listing 12.08 criteria, which became effective after the ALJ's decision, or the version in place at the time of the ALJ's decision. Pl.'s Op. Br. 11; Def.'s Br. 8. While substantive changes were made to Listing 12.08, those changes were to the criteria in paragraph A. *See Knox*, 2018 WL 1907954, at *4 (comparing the prior version of Listing 12.08 with the current version). In Plaintiff's case, the ALJ determined that her impairments did not meet Listing 12.08 because she failed to meet the paragraph B criteria.

Even if the Court assumes that the Commissioner should have analyzed Plaintiff's claim under the new listing, the error is harmless because substantial evidence supports the ALJ's determination on the paragraph B criteria. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citing *Stout*, 454 F.3d at 1052) ("An ALJ's disability determination should be upheld unless it contains [harmful] legal error or is not supported by substantial evidence."). The ALJ justified its

decision here by reviewing and citing medical evidence in the record. *See* tr. 64–65. While Plaintiff argues that the ALJ should have come to a different conclusion about the paragraph B criteria, the Court is bound to uphold the ALJ's rational interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

Independent review of the record also supports the ALJ's decision. For example, Plaintiff showed that she could do light housekeeping, prepare meals, and go out in public alone. Tr. 87–88, 258–59. Plaintiff also showed the ability to concentrate. Tr. 288, 290, 340, 959, 981. In sum, because substantial evidence in the record supports the ALJ's decision, the ALJ did not commit legal error. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

## CONCLUSION

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 15th day of May, 2020.

**_s/Michael J. McShane__________________**
Michael J. McShane
United States District Judge